**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**ROY MADISON SESSUMS**                                                            **PLAINTIFF**

vs.                                                                    **CIVIL ACTION NO. 3:13CV29-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                                         **DEFENDANT**

**MEMORANDUM OPINION**

This case involves a request under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying plaintiff Roy Madison Sessums's applications for period of disability or disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act, and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for DIB and SSI on January 5, 2010, alleging that he became disabled on October 1, 2009. The plaintiff's claim was denied initially and on reconsideration. *Id.* at 72-74, 79-83. Plaintiff timely requested a hearing, which was held on September 15, 2011. *Id.* at 70, 465-509. The ALJ issued a partially favorable decision on February 15, 2012. *Id.* at 15-27. Plaintiff requested and was denied review by the Appeals Council via letter on December 3, 2012. *Id.* at 6-8. The plaintiff timely filed this appeal from the Commissioner's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

The plaintiff was born on August 25, 1965, and was 46 years old at the time of the

hearing. Docket 7, p. 85. He has a high school education and attended three years of college. *Id.* at 478-79. His past relevant work was as a boxman/gambling dealer, floor supervisor, waiter and lawn service worker. *Id.* at 499-501. He contends that he became disabled on October 1, 2009 as a result of "congestive heart failure, possible sleep apnea and high blood pressure." *Id.* at 110.

The ALJ determined that the plaintiff suffered from "severe" impairments including congestive heart failure, hypertension and obesity, but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1(20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926). Docket 7, p. 19. The ALJ found that before July 24, 2011, the date that the the ALJ concluded plaintiff did become disabled, he retained the Residual Functional Capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with additional limitations. He had to have the option to sit or stand every thirty minutes; could never climb ropes, ladders, or scaffolds; and could only occasionally balance, stoop, kneel, crawl, crouch, or climb ramps or stairs. He had to avoid all exposure to extreme heat or cold; unprotected heights or moving, hazardous, or dangerous machinery; and could not perform any commercial driving. He had to avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, chemicals, or poorly ventilated areas.

*Id.* at 19-20. In light of testimony by a vocational expert [VE] at the hearing, the ALJ found that even though plaintiff was incapable of performing his past relevant work before July 24, 2011, other jobs existed in significant numbers in the national economy that plaintiff could have performed, and plaintiff therefore was not disabled under the Social Security Act. *Id.* at 25-26. However, the ALJ concluded that beginning on July 24, 2011, plaintiff could only perform sedentary work, and because of his general medical condition, plaintiff would be off task more

2

than 20% of the workday, thus rendering him disabled under the Act. *Id.* at 24. Plaintiff's date last insured was June 30, 2011; because the ALJ determined that plaintiff was not disabled until July 24, 2011, plaintiff was awarded SSI benefits, but not DIB. To qualify for DIB or POD benefits, plaintiff must have become disabled before his date last insured.

Plaintiff contends that the ALJ erred when he discredited plaintiff's wife's written statement, discounted Dr. Brian K. Wall's medical opinion, did not consider whether plaintiff's sleep apnea is an impairment, did not find him disabled within the window of insured status and improperly evaluated his credibility. Because the undersigned is of the opinion that the ALJ's decision is not supported by substantial evidence because she did not properly evaluate plaintiff's impairments – specifically his sleep apnea – in combination with his other severe impairments, the court need not address the remaining issues.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2012).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2012).

3

ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2012).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2012). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2011).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2012).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2012).

[8] *Muse*, 925 F.2d at 789.

and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends that the ALJ's failure to determine whether his sleep apnea was a severe or non-severe impairment, along with the resulting failure to consider the effect of sleep apnea in combination with his heart failure, resulted in an ultimate decision regarding plaintiff's disability during the insured period that is unsupported by the evidence. Docket 13, p. 19-22. The Commissioner "agrees that the ALJ did not make a finding as to whether sleep apnea was a medically severe or non-severe impairment," but denies that failure was error. Docket 14, p. 11.

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Instead, the Commissioner offers the otherwise unsupported argument that because "Plaintiff demonstrated the ability to obtain necessary medical care for the conditions that truly ailed him, there is no legitimate basis for Plaintiff's failure to seek a definitive diagnosis of, and treatment for, his alleged sleep apnea." *Id.* at p. 12. The Commissioner provides no authority to support this assertion, instead minimizing the medical opinion of Dr. Elizabeth Webb, its own consultative examiner, who addressed plaintiff's possible sleep apnea. The Commissioner acknowledges the two-step analysis required by 20 C.F.R. §§ 404;1520(a)(4)(ii), 404 1521, 416.920(a)(4)(ii) and 416.921, but ignores the fact that the ALJ wholly failed to abide by that requirement, never even *considering* whether the condition was medically determinable, much less whether it was medically severe or non-severe.

The Commissioner's argument is wholly without merit. First, plaintiff did not obtain all of the necessary medical care for the conditions that "truly ailed him." He was unable to take very necessary heart medication and went months without taking it because he could not afford to pay for simple office visits with Dr. Strong. Docket 7, p. 470, 482-83. Further, Dr. Webb, the consulting examiner retained by the Commissioner, noted that a cardiologist had ordered a sleep study, but that plaintiff could not afford it. Docket 7, p. 151. She also noted that plaintiff has three siblings with obstructive sleep apnea, that he snores badly and is tired all of the time. *Id.* Dr. Webb found that "[a]s far as functional limitations, due to his cardiovascular illness, the patient does have congestive heart failure, high blood pressure, obesity and sleep apnea per his history and symptoms." *Id.* at 152.

The ALJ clearly had sufficient notice that plaintiff claimed sleep apnea as an impairment. The condition was identified on his application for benefits (Docket 7, p. 110), discussed and

identified as a possible diagnosis by the Commissioner's own examining physician, and plaintiff's cardiologist had ordered a sleep study. Step two of the sequential evaluation conducted by an ALJ requires that she "determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe." Docket 7, p. 17.

Simply put, it is undisputed that the ALJ failed to conduct this step with regard to plaintiff's alleged sleep apnea. Such a failure in this specific situation resulted in the flawed analysis of whether plaintiff's heart condition in combination with his sleep apnea met a listing, whether he had the RFC to perform work, and ultimately whether he was disabled before expiration of his insured status. The ALJ should have evaluated whether plaintiff's sleep apnea was severe or non-severe and then considered the alleged sleep apnea in combination with his heart failure as she continued through the remaining steps of the sequential evaluation process. Additionally, if the ALJ did not have sufficient information in the record to properly evaluate the alleged sleep apnea, she should have requested that an examination be conducted and a report provided by a pulmonologist. In light of these failures, the undersigned is of the opinion that the decision of the Commissioner was not supported by substantial evidence and should be remanded for further proceedings consistent with this opinion.

As a matter of note, the ALJ's refusal to allow plaintiff's wife to testify and request that she instead provide an affidavit, while not clear error, is at the very least troublesome. The court has seen a similar circumstance arise in another recent case on appeal. Although the undersigned is well aware that Social Security ALJs carry crippling caseloads and that applications for benefits are increasing, these facts do not excuse the failure to provide the applicants with the

opportunity to present the best evidence to support their disability. Certainly live testimony is much better evidence than an affidavit which does not allow the ALJ to question what he or she perceives to be discrepancies in evidence. Where a plaintiff offers potentially helpful, non-duplicative live testimony, it should be allowed by the ALJ.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action is hereby remanded to the ALJ for (1) further consideration of plaintiff's impairments, specifically the severity of plaintiff's sleep apnea, whether plaintiff's impairments meet a listing when considered individually or in combination, and an evaluation of plaintiff's RFC and ability to work in light of the sleep apnea; (2) further medical evidence regarding plaintiff's sleep apnea in the form of an opinion from a pulmonologist and a sleep study if necessary; and (3) live testimony from plaintiff's wife to clarify any alleged discrepancies in plaintiff's abilities. Because this action is being remanded to the ALJ for further evaluation of the impairments and medical and lay opinions, the court need not address the merits of the plaintiff's remaining arguments at this time.

A Final Judgment will be entered simultaneously with this Memorandum Opinion.

This, the 10th day of October, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE